UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE PEREZ and
HECTOR PEREZ,

        Plaintiffs,

v.                                              Case No.  8:06-cv-1239-T-24 TBM

SAXON MORTGAGE SERVICES,
INC., ET AL.,

        Defendants.

_____/

### ORDER

This cause comes before the Court on Defendant Saxon Mortgage Service, Inc.'s

("Saxon") Motion to Dismiss and Strike (Doc. No. 11).  Plaintiffs oppose the motion.[1]  (Doc. No.

16).

### I.  Standard of Review for a Motion to Dismiss

In deciding a motion to dismiss, the district court is required to view the complaint in the

light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959,

962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A

complaint should not be dismissed for failure to state a claim upon which relief can be granted

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Federal

---

[1]Plaintiffs also move to strike Saxon's motion to dismiss and strike for failing to comply with the Local Rules.  (Doc. No. 16).  Specifically, Plaintiffs argue Saxon violated the Local Rules by filing its motion and memorandum of law as separate documents and by exceeding  the page limit of twenty-five pages for motions when counting the pages of exhibits attached.  The Court, however, denies Saxon's motion.

Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47.  All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

## II.  Standard of Review for a Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

## III.  Background

Plaintiffs allege the following in their complaint (Doc. No. 1): Plaintiffs filed suit against Defendants for unlawful debt collection practices regarding their mortgage.  Defendant Saxon is alleged to be a debt collector, and Saxon allegedly held itself out as a debt collector to Plaintiffs. (¶ 8, 12).  Plaintiffs contend that Defendants made over fifty calls to Plaintiffs from June 2005 through March 2006 and sent Plaintiffs a dunning letter despite being told that Plaintiffs were represented by counsel.  (¶ 9-12).

As a result, Plaintiffs assert three claims against Defendants: (1) Count I: claim for violation of the Fair Debt Collection Practices Act ("FDCPA"); (2) Count II: claim for violation

of the Florida Consumer Collection Practices Act ("FCCPA"), and (3) Count III: claim for punitive damages.  In response, Saxon filed the instant motion to dismiss and strike.

## IV.  Saxon's Motion to Dismiss and Strike

In the instant motion, Saxon makes the following arguments: (1) Plaintiffs' claims should be dismissed to the extent that they are based on the allegation that Saxon failed to register with the State Office of Financial Regulations; (2) Plaintiffs' request for a jury trial should be stricken; (3) Plaintiffs' claim for punitive damages should be stricken; (4) Plaintiffs' FDCPA and FCCPA claims should be dismissed, because Saxon is not a debt collector; and (5) Plaintiffs fail to state a claim for a violation of 15 U.S.C. § 1692g.  Accordingly, the Court will address each argument.

### A.  Registration with the State Office of Financial Regulations

Saxon argues that Plaintiffs' claims should be dismissed to the extent that they are based on the allegation that Saxon failed to register with the State Office of Financial Regulations. (Doc. No. 1, ¶ 24b and 25).  Florida Statute § 559.553(1) provides that "no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration."

Saxon argues that claims based on its alleged failure to register should be dismissed, because Saxon falls within the exception set forth in Florida Statute § 559.553(4)(c), which states that the statute does not apply to "[a]ny financial institution authorized to do business in this state and any wholly owned subsidiary and affiliate thereof."  In support of its contention, Saxon attaches a website printout that purports to be a corporate profile of Saxon Capital, Inc.

3

(Doc. No. 12, Ex. 5).  The Court rejects Saxon's argument.

The Court cannot consider the exhibit attached to Saxon's motion in connection with a motion to dismiss, since the Court is confined to the complaint and the attachments thereto. Furthermore, even if the Court was to consider the exhibit, it is unclear as to how the exhibit supports Saxon's position.  Accordingly, the Court denies Saxon's motion on this issue.

**B.  Jury Demand**

Next, Saxon argues that Plaintiffs' request for a jury trial should be stricken, since the mortgage contains a jury trial waiver provision.  The jury trial waiver provision is in the last numbered paragraph before the signature page of the sixteen page mortgage document.  (Doc. No. 12, Ex. 1).  The jury trial waiver provision, which is found at the bottom of page fourteen of the mortgage, provides:

> 25.  Jury Trial Waiver.  The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

(Doc. No. 12, Ex. 1).

While a party asserting a claim for a violation of the FDCPA has a right to a trial by jury, see Sibley v. Fulton Dekalb Collection Service, 677 F.2d 830, 834 (11th Cir. 1982), the party may waive its right to a jury trial so long as the waiver is knowing and voluntary, see Bakrac, Inc. v. Villager Franchise Systems, Inc., 164 Fed. Appx. 820, 823 (11th Cir. 2006)(citations omitted).  In determining whether a party has knowingly and voluntarily waived its right to a jury trial, "courts consider the conspicuousness of the waiver provision, the parties' relative bargaining power, the sophistication of the party challenging the waiver, and whether the terms of the contract were negotiable."  Id. at 824 (citations omitted).

The Eleventh Circuit has not ruled on the issue of which party has the burden of proving that the waiver was or was not given knowingly and voluntarily.  See id. at 824, n.1.  In the instant case, the Court does not need to determine who has the burden, because even if the burden is on Saxon to prove the validity of the waiver, Plaintiffs must come forward with some proof that calls into question whether the waiver was knowingly and voluntarily given, see Mellon Bank, N.A. v. Miglin, 1993 WL 281111, at *11 (N.D. Ill. April 29, 1993), and Plaintiffs have not done so.

Plaintiffs argue that the jury trial waiver provision was inconspicuous, and as such, they did not knowingly and voluntarily waive their right to a jury trial.  The Court rejects this argument and finds that the waiver provision in the mortgage is conspicuous, since (1) it is in its own separate paragraph, (2) it is in the same size font as the rest of the document, (3) it is located in the last numbered paragraph of a relatively short document, and as such, it cannot be considered to be hidden within the document, and (4) it states in clear and unambiguous language that Plaintiffs are waiving their right to a jury trial.  See, e.g., Belin v. Litton Loan Serving, LP, 2006 WL 2061340, at *1 (M.D. Fla. July 17, 2006); Mellon Bank, 1993 WL 281111, at *12 (finding waiver provision in seven page document that was in the same typeface as every other clause to be conspicuous); Allyn v. Western United Life Assurance Co., 347 F. Supp.2d 1246, 1252-53 (M.D. Fla. 2004)(finding waiver provision to be conspicuous when it was located in the last numbered paragraph near the end of the document and contained straightforward, understandable language).

Plaintiffs argue that they did not knowingly and voluntarily waive their right to a jury trial, because there is no parity of bargaining power between the parties and the terms of the

mortgage were not negotiable.  While it may be true that there was a lack of parity of bargaining power and the terms of the mortgage were not negotiable, that alone, in the context of a mortgage, is not sufficient to raise an issue regarding whether Plaintiffs knowingly and voluntarily waived their right to a jury trial.

Next, Plaintiffs argue that parties asserting claims under the FDCPA should not be forced to waive their right to a jury trial.  This Court rejects that argument, since courts have recognized that a party may waive their right to a jury trial for FDCPA claims.  See Miller v. Northwest Trustee Services, Inc., 2005 WL 1711131, at *4, n.4 (E.D. Wash July 20, 2005); In re Taylor, 260 B.R. 548, 556 (Bankr. M.D. Fla. 2000).

Accordingly, the Court finds that Saxon has shown that Plaintiffs knowingly and voluntarily waived their right to a jury trial for claims against Saxon.   As such, the Court grants Saxon's motion on this issue and strikes Plaintiffs' demand for a jury trial for claims against Saxon.

### C.  Punitive Damages

Next, Saxon argues that Plaintiffs' claim for punitive damages should be stricken, because Plaintiffs have not complied with Florida Statute § 768.72.  Section 768.72(1) provides:

> In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure.

Saxon cites Wilson v. Edenfield, 968 F. Supp. 681 (M.D. Fla. 1997), and argues that since Plaintiffs have not made a showing to the Court prior to seeking punitive damages, their punitive damages claim should be stricken.

6

The Court agrees with Saxon.  In <u>Wilson</u>, the court stated that a punitive damages claim alleged prior to a party asking and receiving leave of court must be dismissed or stricken.  <u>See</u> <u>id.</u> at 684.  Since Plaintiffs have not sought leave to assert a punitive damages claim, the claim must be stricken.  Accordingly, the Court grants Saxon's motion on this issue and strikes Count III of the complaint.

### D.  Debt Collector Status

Next, Saxon argues that Plaintiffs' FDCPA and FCCPA claims should be dismissed, because Saxon is not a debt collector.  Specifically, Saxon argues that it is not a debt collector because it has an interest in the mortgage by virtue of it being named in the assignment of mortgage and since it has been servicing the mortgage since its inception.  The Court, however, cannot consider these factual arguments on a motion to dismiss, and it would be more appropriate to raise these arguments in a motion for summary judgment.

Furthermore, while the FDCPA excludes from the definition of a debt collector "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person," there is no allegation in the complaint as to when Saxon obtained its interest in the mortgage.  15 U.S.C. § 1692a(6)(F)(iii).  Instead, Saxon submits an exhibit in support of its contention that it has obtained an interest in the mortgage, and the Court cannot consider that exhibit in connection with a motion to dismiss.  (Doc. No. 12, Ex. 6).  Even if the Court could consider the exhibit, which indicates that Saxon may have obtained an interest in the mortgage on April 22, 2005, Saxon also states in its motion that Plaintiffs defaulted on the mortgage prior to April 15, 2005 (when a complaint for foreclosure was allegedly filed), and as

such, Saxon would have obtained its interest in the mortgage, if in fact it did obtain an interest, after it was in default.  (Doc. No. 12, p.2).

Additionally, the Court notes that Plaintiffs have alleged in the complaint that Saxon is a debt collector, and they have attached to the complaint a letter from Saxon in which it states that it is a debt collector.  As such, it does not appear beyond doubt that Plaintiffs can prove no set of facts in support of their claim that would entitle them to relief.

Accordingly, the Court denies Saxon's motion on this issue.  Saxon is free to file a motion for summary judgment with evidence that supports its contention that it is not a debt collector because: (1) it has an interest in the mortgage by virtue of it being named in the assignment of mortgage, and it obtained this interest prior to the mortgage being in default; (2) its contacts with Plaintiffs were in connection with a foreclosure proceeding;[2] and (3) it has been servicing the mortgage since its inception.

### E. § 1692g

Next, Saxon argues that Plaintiffs fail to state a claim for a violation of 15 U.S.C. § 1692g, which provides that a debt collector must send the consumer a written notice containing certain information.  One of the things that the written notice must contain is "a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector."  15 U.S.C. § 1692g(4).

---

[2]The Court declines to reach, at this time, Saxon's argument that actions taken during a foreclosure on a mortgage are not debt collection activities under the FDCPA and FCCPA.

Saxon argues that Plaintiffs fail to state a claim for a violation of § 1692g, because Plaintiffs fail to allege that they made a request for verification.  The Court rejects this argument, since Plaintiffs allege that Saxon violated § 1692g by, among other things, failing to state that if Plaintiffs notified Saxon in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Saxon would obtain verification of the debt or a copy of a judgment against Plaintiffs and a copy of such verification or judgment would be mailed to Plaintiffs by Saxon. (Doc. No. 1, ¶ 12, 26).  It does not appear that Plaintiffs are alleging that they made such a request and that Saxon failed to obtain verification.  Accordingly, the Court denies Saxon's motion on this issue.

**V.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that:

(1)     Defendant Saxon's Motion to Dismiss and Strike (Doc. No. 11) is **GRANTED IN PART AND DENIED IN PART**: The motion is **GRANTED** to the extent that the Court strikes Count III and the jury demand for claims against Saxon; otherwise, the motion is **DENIED**;

(2)     Plaintiffs' motion to strike Saxon's motion (Doc. No. 16) is **DENIED**; and

(3)     Defendant Saxon's Request for Oral Argument (Doc. No. 13) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 6th day of October, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record

9