UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHANIE PEREZ and
HECTOR PEREZ,

      Plaintiffs,

v.                                          Case No. 8:06-cv-1239-T-24 TBM

SAXON MORTGAGE SERVICES,
INC., ET AL.,

      Defendants.
_____/

## ORDER

This cause comes before the Court on its own. Plaintiffs filed a complaint asserting claims for violations of the Fair Debt Collection Practices Act, violations of the Florida Consumer Collection Practices Act, and a claim for punitive damages. In response, Defendant Saxon Mortgage Service, Inc. filed a motion to strike Plaintiffs' claim for punitive damages,[1] because Plaintiffs failed to comply with Florida Statute § 768.72.[2] The parties failed to cite Eleventh Circuit case law on point, and this Court granted the motion to strike Plaintiffs' request for punitive damages (Doc. No. 19). However, upon review, the Court finds that the motion to strike Plaintiffs' request for punitive damages should have been denied.

---

[1] Defendant Saxon Mortgage Service, Inc. filed a motion to dismiss and strike (Doc. No. 11), which Plaintiffs opposed (Doc. No. 16).

[2] Section 768.72(1) provides: "In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend her or his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure."

In <u>Cohen v. Office Depot, Inc.</u>, 184 F.3d 1292, 1299 (11th Cir. 1999), the Eleventh Circuit held "that the pleading requirements of Florida Statutes § 768.72 are inapplicable in federal diversity cases." On rehearing, the Court adhered to this holding and explained "that Florida Statute § 768.72 conflicts with and must yield to the 'short and plain statement' rule contained in Federal Rules of Civil Procedure 8(a)(3), and as a result a Florida plaintiff in federal court because of diversity jurisdiction need not obtain leave of court before pleading a request for punitive damages." <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069, 1072 (11th Cir. 2000)

Consequently, Plaintiffs were free to plead a claim for punitive damages without having to fulfill the statutory requirements of § 768.72 when they initially filed their complaint. As such, this Court vacates its prior order (Doc. No. 19) to the extent that the Court granted the motion to strike Plaintiffs' request for punitive damages, as that portion of the motion should have been denied.

Accordingly, it is ORDERED AND ADJUDGED that the Court vacates the portion of its October 6, 2006 Order (Doc. No. 19) that ordered that Plaintiffs' request for punitive damages be stricken.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of February, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record